818 F.2d 29
 125 L.R.R.M. (BNA) 2352, 125 L.R.R.M. (BNA) 2615
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
Alco Gravure, Inc., Intervenor,
v.
LOCAL 582, GRAPHIC COMMUNICATIONS INTERNATIONAL UNION, Respondent.
 No. 86-3578.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided May 6, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Charles Lee Nutt (Clements & Nutt on brief) for respondent.
 Michael David Fox, National Labor Relations Board (Peter Winkler, Supervisory Attorney; Rosemary M. Collyer, General Counsel; John E. Higgins, Jr., Deputy General Counsel; Robert E. Allen, Associate General Counsel; Elliott Moore; Deputy Associate General Counsel, on brief), for petitioner.
 D. Mark Hilliard (Richard C. Lowe; King & Ballow, on brief), for intervenor.
 PER CURIAM:
 
 
 1
 The Board, in agreement with the Administrative Law Judge, found that Local 582, Graphic Communications International Union (the "union") violated Sec. 8(b)(1)(B) of the NLRA by requesting Leonard Stoops, a union member and superintendent of the engraving department of Alco Gravure, Inc. (the company), to appear before the union executive committee, by imposing a fine against Stoops and by threatening Stoops with loss of his union membership. The Board ordered the union to cease and desist from these practices and to rescind its disciplinary measures.
 
 
 2
 The Board seeks enforcement of its order, and we grant enforcement.
 
 
 3
 The charges against the union arose from the company's need for employees to work overtime on a weekend to meet a Monday deadline. When Stoops was unable to recruit volunteers, he and the production manager performed the work in derogation of the union's express denial of permission for them to work. stoops asserted that he had a right to perform this work under the collective bargaining agreement because no one else volunteered. When the union filed a grievance on the ground that the collective bargaining agreement barred supervisors from performing the duties of bargaining unit employees, Stoops, as the first management representative with the duty of considering the grievance, denied it. The grievance against the company was eventually resolved by agreement at a subsequent stage of the grievance procedure, but then the union took the actions described above against Stoops.
 
 
 4
 On review of the record and consideration of the arguments, we think that there was substantial evidence to support the finding that the union restrained or coerced the company in its selection of Stoops as its representative for purposes of collective bargaining or the adjustment of grievances in violation of Sec. 8(b)(1)(B) of the Act.
 
 
 5
 It is no defense that such discipline was warranted because Stoops may have violated the collective bargaining agreement because the Act did not entitle the union to coerce Stoops into adopting its view of the collective bargaining agreement.
 
 
 6
 ENFORCEMENT GRANTED.